UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA DAWN DOWLING,<br><br>      Plaintiff,<br><br>-against-<br><br>TRIARC; THE PEOPLE AT TRIARC; LEGACY AT CYPRESS APARTMENTS; THE PEOPLE OF LEGACY AT CYPRESS; THE PEOPLE OF FBI (FEDERAL BUREAU OF INVESTIGATION); THE PEOPLE OF THE STATE OF TEXAS,<br><br>      Defendants. | 25-CV-8729 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Phoenix, Arizona, brings this *pro se* action arising from her eviction from an apartment in Harris County, Texas. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Texas.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights with respect to an eviction that occurred in Harris County, Texas. Although the complaint is vague, Plaintiff attaches documents captioned for the Justice Court of Harris County, Texas, which relate to eviction proceedings against Plaintiff with respect to a property in Cypress, Harris County, Texas, and name as defendants several TriArc entities which do business as Legacy at Cypress. (*See* ECF 1, at 8-14.) TriArc and Legacy at Cypress are also named as defendants in this action. It therefore appears that the events giving rise to Plaintiff's claims occurred in Harris County, Texas, and involve real property located in that county. Harris County falls within the Southern District of Texas. *See* 28 U.S.C. § 124(b). Plaintiff alleges no facts suggesting that any of the events giving rise to her claims occurred in this District.[1]

Although Plaintiff does not provide addresses for any of the defendants, the attached documents state that TriArc and Legacy at Cypress do business in Harris County, Texas. (*See* ECF 1, at 10.) Even if the Court assumed that Defendants could be considered to reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Harris County, venue would also be proper under Section 1391(b)(2) in the Southern District of Texas.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[1] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in, and involve property located in, Harris County, where the defendants do business and appear to reside. It therefore is reasonable to expect that relevant documents and witnesses also would be in Harris County. The Southern District of Texas appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 17, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge